UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARVEY MCCOYIE,

*Plaintiff*,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY,

*Defendant*.

Civil Action No. 23-2064 (LLA)

## MEMORANDUM OPINION

In February 2023, Plaintiff Harvey McCoyie brought this civil action against Defendant Washington Metropolitan Area Transit Authority ("WMATA") in the Superior Court for the District of Columbia. ECF No. 1-4. His one-count complaint alleged negligence stemming from a collision between a WMATA bus on which he had been a passenger and another vehicle. *See generally id.* WMATA removed the action to this court in June 2023. ECF No. 1.

The court held an initial status conference in November 2023, but Mr. McCoyie failed to appear. Stephen Gensemer, Mr. McCoyie's counsel in Superior Court, appeared as a friend of the court and advised that Mr. McCoyie would be seeking new counsel because Mr. Gensemer is not a member of the bar of this court. *See* Nov. 21, 2023 Minute Order. The court continued the matter to allow Mr. McCoyie to retain new counsel. *Id.*

In January 2024, this court ordered Mr. McCoyie to appear for a status conference in February and "inform the court of his intentions to retain counsel or proceed pro se." ECF No. 12, at 1. The hearing was subsequently vacated after Mr. Gensemer informed the court that Mr. McCoyie might be deceased. *See* Feb. 7, 2024 Minute Order. The court directed counsel to

file a joint status report in May 2024. *Id.* In that status report and a supplement thereto, WMATA explained that Mr. Gensemer believed that Mr. McCoyie was alive but had not been able to reach him despite several attempts. ECF No. 13 ¶ 2; ECF No. 14 ¶ 2. WMATA asked that the case be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23. ECF No. 13 ¶ 3; ECF No. 14 ¶ 3. In light of the representation that Mr. McCoyie might be alive, the court directed the parties to file another status report in August 2024 "indicating whether Plaintiff intends to proceed with the case." *See* May 14, 2024 Minute Order.

In its recently filed status report, WMATA explained that Mr. Gensemer has still been unable to reach Mr. McCoyie. ECF No. 15 ¶ 2. WMATA renewed its request for dismissal, while Mr. Gensemer asked for an additional postponement. *Id.* ¶¶ 3-4.

Federal Rule of Civil Procedure 41(b) grants a court authority to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see* Loc. Civ. R. 83.23 (similar). Although "dismissal is a sanction of last resort," it may be warranted when it is in the interest of justice and lesser sanctions have failed. *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (quoting *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986)); *see Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).

In assessing whether dismissal is appropriate, the court considers factors including (1) "the effect of a plaintiff's dilatory or contumacious conduct on the court's docket," (2) "whether the plaintiff's behavior has prejudiced the defendant," and (3) "whether deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp.*, 901 F.2d at 167. These factors should not be "applied woodenly," but instead must take account of the relevant circumstances of the case. *Id.*

The court finds that dismissal is warranted in the interest of justice. As detailed above, during the fourteen months this case has been pending in this court, Mr. McCoyie has never appeared or informed the court of his intent to prosecute. Further postponement would prejudice WMATA and require the expenditure of judicial resources that are better devoted to litigants who wish to proceed with their cases. *See Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000).

"This Court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests." *James v. Nationstar Mortg. LLC*, 323 F.R.D. 85, 87 (D.D.C. 2017); *see* Loc. Civ. R. 83.23. "The [c]ourt sees no reason to depart from this default rule." *James*, 323 F.R.D. at 87.

For the foregoing reasons, the court will issue a contemporaneous order dismissing the case without prejudice.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: August 28, 2024